**United States District Court**
**Southern District of Florida**

STAR KEY PARK OWNER LLC,
a Delaware limited liability company,

    Plaintiff,                                       CASE NO:

vs.

MORNINGSTAR NURSERY, INC.,
a Florida corporation,

    Defendant.
_____/

**COMPLAINT**

1

Plaintiff, STAR KEY PARK OWNER LLC ("Star Key"), a Delaware limited liability company (successor-in-interest to Kushner Realty Acquisition LLC), by and through its undersigned counsel, hereby sues Defendant MORNINGSTAR NURSERY, INC. ("Morningstar"), a Florida corporation, and states the following:

### Parties, Jurisdiction, & Venue

1. This is an action in equity for declaratory and equitable relief.

2. Plaintiff, STAR KEY PARK OWNER LLC ("Star Key"), is a Delaware limited liability company with a principal address and office located in New York, New York.

3. Defendant, MORNINGSTAR NURSERY, INC. ("Morningstar"), is a Florida corporation and its principal office and address is located in Palm Beach, Florida.

4. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because Star Key and Morningstar are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000).

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because (a) Defendant resides in this District, (b) the cause of action arose within the jurisdiction of this Court, and (c) the property that is the subject of this action is in this District.

### The Vacant Land Contract and Star Key's Performance of Its Obligations

6. On or around September 9, 2020, Star Key's predecessor-in-interest, Kushner Realty Acquisition, L.L.C. ("KRA") and Defendant Morningstar entered into a contract for the sale and purchase of a certain property (hereinafter the "Vacant Land Contract"), which is attached as Exhibit 1 hereto.

7. Exhibit A of the Vacant Land Contract provides a Legal Description of "50.999 acres, more or less," situated in Palm Beach County, Florida (hereinafter the "Property").

8. Pursuant to paragraph 2 of the Vacant Land Contract, KRA deposited $200,000 (of the $30,000,000 total) into escrow.

9. By Assignment dated October 21, 2020, KRA assigned all of its rights, title and interest in the Vacant Land Contract to Plaintiff Star Key. The October 21, 2020, Assignment is attached as Exhibit 2 hereto.

10. On June 25, 2021, Star Key and Morningstar entered into a First Amendment to Vacant Land Contract in which Morningstar ratified KRA's assignment of its interests in the Vacant Land Contract to Star Key.

11. Paragraph 4 of the Vacant Land Contract provides: "This transaction will close on **See Addendum** ('Closing Date'), unless specifically extended by other provisions of this contract."

12. Addendum ¶11 in turn provides: "The Closing Date will be the earlier of (a) 20 months from the Effective Date or (b) April 30, 2022; **provided however, if any of the public hearings calendared for the Comp Plan Schedules are delayed by the County, the Closing Date shall be delayed by the same number of days as the public hearings are delayed.**"

13. The "Comp Plan Schedules" are described in Addendum ¶2, which provides: "Buyer shall comply with the requirements of the Palm Beach County (the 'County') Round 22A Large Scale Comprehensive Plan Amendment Schedules (Comp Plan Schedules) as follows: (a) attend a pre-application meeting regarding the Property with County staff prior to April 2, 2021, (b) submit traffic study intake for the Property to the County prior to April 2, 2021, (c) submit FLUA application Intake for the Property to the County prior to May 5, 2021. Buyer shall forward Seller copies of the traffic study and the FLUA Intake applications simultaneously with filing

same. Buyer's failure to comply with the foregoing requirements shall constitute a default by Buyer in this Contract."

14. In accordance with Addendum ¶2, Star Key held meetings with County staff on October 30, 2020, and February 17, 2021.

15. Star Key also submitted a traffic study intake in October 2020, and a FLUA application Intake for the Property on November 10, 2020.

16. As described below, delays in the Palm Beach County Comp Plan Schedules have pushed back Star Key's application timeline. As a result, the Closing Date is extended by a commensurate amount in accordance with Addendum ¶11's language that "the Closing Date shall be delayed by the same number of days as the public hearings are delayed."

17. Star Key has performed each of its contractual obligations to date, and stands ready, willing, and able, to close on the Property on the appropriate date provided for in the Vacant Land Contract.

18. Morningstar has never provided Star Key with notice informing Star Key that Morningstar believed that Star Key has defaulted on the Vacant Land Contract, or otherwise failed to perform any of its obligations.

### Delays in the Comp Plan Schedule

19. On May 5, 2021, the County held a Board of County Commissioners ("BCC") Comprehensive Plan Public Hearing. At the meeting, the BCC discussed various proposals to alter policies in the Comprehensive Plan, which changes would permit additional uses (such as industrial uses) and workforce housing within the Agricultural Reserve Tier where the Property is located. The BCC scheduled a separate hearing, and directed the County's Planning staff to hold

a workshop to, among other things, assess options for industrial future land use and workforce housing.

20. Although the hearing was initially scheduled for August 31, 2021, the BCC workshop was postponed for two months until October 26, 2021.

21. Before the October 26 workshop, on October 15, 2021, the County's Planning Commission indicated at a hearing that a private application for an individual property needed to be considered together with future uses for the Agricultural Reserve Tier as a whole.

22. On October 26, 2021, the County's Planning staff presented options for allowing industrial uses within the Agricultural Reserve. The BCC did not reach any decision on the proposed amendments, and scheduled further consideration of those options at a December 15, 2021, BCC Zoning Hearing.

23. On November 3, 2021, County staff indicated at a hearing that it could not support an application (for a different proposal within the Agricultural Reserve Tier) because the staff needed to receive additional direction from the BCC concerning additional industrial uses in the Agricultural Reserve Tier.

24. The County has since indicated that its Planning staff would not process applications in the Agricultural Reserve Tier until August 10, 2022.

25. The current anticipated schedule places the necessary hearings for future applications in December 2022 or January 2023, a BCC Transmittal Hearing in February 2023, and a BCC Adoption Hearing in May 2023.

## COUNT I – DECLARATORY RELIEF

26. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 25 above, as if set forth herein in full.

27. This is an action for a declaratory judgment relating to the interpretation of the Closing Date provision of the Vacant Land Contract.

28. Plaintiff maintains that, pursuant to Addendum ¶11 of the Vacant Land Contract, the Closing Date has been extended until at least May 31, 2023.

29. Plaintiff further maintains that the deadline for closing under the Vacant Land Contract will be further extended (beyond May 31, 2023) if there are additional delays in public hearings for the Palm Beach County's Planning, Zoning and Building Department, and the County's processing of applications.

30. Conversely, Morningstar maintains that Star Key's deadline for closing is May 2, 2022, notwithstanding Addendum ¶11's clear statement that "the Closing Date shall be delayed by the same number of days as the public hearings are delayed."

31. As a result of the foregoing, an actual controversy and dispute presently exists between Star Key and Morningstar with respect to the Closing Date for the Vacant Land Contract. In light of the foregoing controversy, absent the Court's declaration Star Key's right to purchase the Property pursuant to the Vacant Land Contract is in danger.

32. There is a bona fide, actual, present practical need for a declaration and determination by the Court regarding the above-described issues and the requested declaration deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

33. An immunity, power, privilege, or right of Plaintiff is dependent upon the facts as described hereinabove or the law applicable to such facts.

34. Morningstar has an actual, present, adverse, and antagonistic interest to Star Key as relating to the subject matter of this action.

35. The antagonistic and adverse interests of all concerned parties are all before the Court by proper process and the relief sought by Plaintiff is not merely the giving of legal advice by the Court or the answer to questions propounded from curiosity.

36. Plaintiff has no adequate remedy at law.

## COUNT II – SPECIFIC PERFORMANCE

37. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 25 above, as if set forth herein in full.

38. Star Key and Morningstar are parties to a binding agreement, the Vacant Land Contract.

39. Star Key has performed its obligations under the Vacant Land Contract to date, and is ready, willing, and able to perform its future obligations.

40. Morningstar has refused to perform its obligations under the contract, asserting instead that Plaintiff is required to close on May 2, 2022, notwithstanding Addendum ¶11's clear statement that "the Closing Date shall be delayed by the same number of days as the public hearings are delayed."

41. Plaintiff has no adequate remedy at law, as Star Key intends to develop the Property and cannot simply find a replacement parcel using money damages awarded for Morningstar's breach of the Vacant Land Contract.

**Prayer for Relief**

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendant:

A.     Declaring that the Vacant Land Contract provides that the deadline for closing has been extended until May 31, 2023, due to delays in Palm Beach County's Planning, Zoning and Building Department's processing of applications, and that the deadline for Closing may be further delayed if there are additional delays for public hearings in the future.

B.     Ordering Defendant to close on the Property in accordance with Addendum ¶11 on May 31, 2023, or at a later date if there are further delays.

C.     Awarding Plaintiff its reasonable attorney's fees and court costs pursuant to ¶17 of the Vacant Land Contract.

D.     Awarding such other, further, and different relief as the Court deems just and proper.

Dated: April 29, 2022

Respectfully submitted,

By: /s/ *Sigrid McCawley*
Sigrid McCawley, Esq.
Florida Bar No. 129305
BOIES SCHILLER FLEXNER, LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com

*Counsel for Plaintiff Star Key Park Owner, LLC*